# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **DONNIE W. LEE, AIS # 145193,** | : |
| Plaintiff, | : |
| vs. | :    **CIVIL ACTION 09-0682-CG-C** |
| **NURSE BLACKMON, et al.,** | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This action, filed under 42 U.S.C. § 1983 by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis,[1] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. Application of 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

---

[1] The Court, by separate order, is revoking its prior grant of plaintiff's motion to proceed without prepayment of fees in light of the Court's discovery of his prior actions and appeals that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted.

any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**A. Prior Actions.**

In the present action, the Court discovered, in its review of the dockets of the United States District Courts for Alabama and the Eleventh Circuit Court of Appeals, that this action was filed by an inmate who previously had at least three actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted, namely, Lee v. Dean, et al., CA 95-0861-CB-M (S.D. Ala. Jan. 10, 1996) (frivolous); Lee v. Jones, et al., CA 96-0907-MHT-VPM (M.D. Ala. Oct. 17, 1997), appeal dismissed as frivolous, (11th Cir. Mar. 23, 1998); Lee v. Clinton, et al., CA 97-0088-WHA-VPM (M.D. Ala. Mar. 24, 1999), appeal dismissed as frivolous (11th Cir. Nov. 5, 2009); Lee v. Baldwin County, Ala., et al., CA 97-0559-RV-S (S.D. Ala. Aug. 12, 1997) (frivolous); Lee v. Haley, et al., CA 9700144-MHT-VPM (M.D. Ala. June 17, 1998).[2] Thus, plaintiff comes within the purview of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury."

---

[2]In addition to these actions, plaintiff has filed other actions that are inaccessible through the electronic docket. Some of these earlier actions may also qualify as a strike in that the lead defendant in three of the actions is either a local private attorney, a local judge, or a local prosecutor. See Lee v. Sutley, CA 87-0219-M (S.D. Ala. July 7, 1989); Lee v. Wilters, CA 87-0412-C (S.D. Ala. Oct. 5, 1987); and Lee v. Whetstone, CA 88-0723-M (S.D. Ala. Feb. 28, 1989). Inasmuch as plaintiff has more that three actions and appeals that qualify him for treatment under § 1915(g), the Court did not examine further these earlier actions.

### B. Exception to § 1915(g).

#### 1. Original Complaint (Doc. 1).

After reviewing the complaint (Doc. 1) and amended complaint (Doc. 7) to determine if plaintiff satisfied the exception to 28 U.S.C. § 1915(g), that is, he was "under imminent danger of serious physical injury" at the time of filing, the Court concludes that plaintiff does not satisfy this exception. In the original complaint against defendants Blackmon and Mullins, bearing a date of October 4, 2009 (Doc. 1 at 1), plaintiff complains of stomach problems that he had suffered for three weeks. (Id.). The stomach pain had caused him to curl into a ball, and his chest and esophagus had felt raw. (Id. at 2). He had a hacking cough which was occasionally productive. (Id.). Defendant Blackmon, the head nurse at Perry County Correctional Center ("PCCC"),[3] would not give him medication for his pain or examine him, and he was not allowed to see a doctor. (Id.). Plaintiff sent requests to the warden for help on September 27, 2009 and September 29, 2009. (Id.).

Plaintiff was then confronted by defendant Mullins, the assistant warden, who accused plaintiff of suing him when plaintiff filed his requests. (Id. at 3). This confrontation occurred in the law library where plaintiff was a law clerk. (Id.). Plaintiff explained that he had merely filed requests as he was instructed to do. (Id.). Defendant Mullins ranted that plaintiff had used the typewriter in the library to sue him. (Id.). He

---

[3] Plaintiff is no longer at PCCC. The Court discovered this after the Court's mail to plaintiff was returned to the Court. Plaintiff had been transferred to Bibb County Correctional Center, where he is presently incarcerated. (Doc. 6, Order dated March 31, 2010).

then fired plaintiff and ordered plaintiff to get out and take his possessions and to use the law library only one hour a day and only for his personal use. (Id.).

Plaintiff states that he would like medical attention and he "needs it soon." (Id. at 5). Plaintiff would like to go home or to a federal prison in Louisiana so he could get medical attention. (Id.).

Attached to the complaint is plaintiff's September 27, 2009 request indicating that defendant Blackmon would be putting him on the list to see a doctor and that she denied him Zantac because there was no doctor's prescription. (Id. at 6-7). Plaintiff was noted by defendant Blackmon as "walking upright without difficulty, ha[ving] no vomiting and [ ] eating regular meals." (Id.).

### 2. Amended Complaint. (Doc. 7).

In the amended complaint, which plaintiff was ordered to file because the original complaint was not on the court's complaint form, he alleged a separate, additional claim regarding his eyes and their need for treatment and provided more information on his stomach claim. And plaintiff added Louisiana Correctional Services ("LCS"), the owner of PCCC, as a defendant. (Id. at 15). The Court is considering the amended complaint in light of Brown v. Johnson, 387 F.3d 1344, 1348-52 (11th Cir. 2004), which observed that the PLRA did not disallow the amending of a complaint under Rule 15(a), but in the § 1915(g) situation the amendment would be scrutinized under § 1915(g) and then, if

necessary, screened under 28 U.S.C. § 1915(e)(2)(B)).[4] The Court received the amended complaint on May 5, 2010.

### a. Stomach Claim.

Regarding the claims based on stomach complaints, the amended complaint's additional information reflects that in mid-September Nurse Lowery told plaintiff to quit taking Naproxen, which he was taking for back pain, and prescribed Zantac for fourteen days. (Id. at 11). She placed plaintiff on the list to see the doctor, but defendant Blackmon took him off of the list. (Id.). Plaintiff states that he saw the doctor on October 4, 2009, but he does not indicate what the doctor's findings were or the proposed treatment. (Id. at 12).

### b. Eye Claim.

The other medical claim that plaintiff alleges in the amended complaint is for the lack of treatment for his eyes. In March, 2009, plaintiff was taken to an eye doctor in Selma for an infection in his eyes. (Doc. 7 at 8). In treating plaintiff the doctor determined that plaintiff had a cataract on each eye but due to the infection, was unable to completely examine plaintiff's eyes. (Id.). Plaintiff was recommended for surgery and was given eye medication. (Id.). The guards gave this information to medical personnel

---

[4] In Brown the amended complaint was filed after the magistrate judge had entered a recommendation dismissing under § 1915(g) the complaint based on plaintiff's claim for the denial of prescribed medication for HIV and hepatitis. 387 F.3d at 1347. Plaintiff objected and filed an amended complaint that supplemented his complaint's allegations. Id. Thereafter the district court denied the amended complaint and dismissed the action pursuant to § 1915(g). Id. The Eleventh Circuit reversed and remanded the action finding that it was not precluded under § 1915(g) and § 1915(e)(2)(B). Id. at 1351-52.

at PCCC, but plaintiff never heard anything about it. (Id. at 9). In June, 2009, plaintiff returned to the doctor so his eyes could be examined. (Id.). The doctor recommended surgery to remove cataracts and glasses, allowing plaintiff to pick out his frames. (Id.). This information was conveyed to medical personnel at PCCC. (Id.). After three weeks, plaintiff checked with defendant Blackmon to see if his glasses were ready. (Id. at 10). She told him that it would be three to four months without checking on them even though plaintiff had been told his glasses would be ready in two weeks. (Id.). From July, 2009 to December, 2009, plaintiff experienced his eyesight worsening, black spots in his vision, discharge from his eyes, discomfort, and pain. (Id.). During this time no mention was made to plaintiff of the recommended surgery even though cataracts may cause blindness. (Id.).

      **c. New Defendant LCS.**

In regard to defendant LCS, plaintiff claims that its hiring of defendant Blackmon, whose license had been previously revoked or suspended, has caused him to suffer unnecessarily. (Id. at 15). And defendant LCS was deliberately indifferent when it placed defendant Mullins in the position of assistant warden even though he had no prior experience. (Id.). Defendant LCS retaliated against plaintiff when defendant Mullins retaliated against plaintiff causing him to lose his paying job and limiting his library time. (Id. at 16). Due these actions by defendant LCS, plaintiff has suffered partial loss of his vision, and pain in his eyes and severe stomach problems from mid-September, 2009 through the first week in October, 2009. (Id. at 15). For relief, plaintiff seeks compensatory and punitive damages and a declaratory judgment. (Id.).

6

**C. Analysis.**

The date that plaintiff drafted his original complaint is the same date that he was seen by the doctor – October 4, 2009. Being seen by the doctor undercuts any showing that plaintiff could make that he was in imminent danger of serious physical injury on October 4, 2009 in regard to his stomach complaints. And plaintiff indicates in a general manner in the amended complaint that he suffered stomach pain only through the first week of October. (Id. at 15). Moreover, there is an absence of specific allegations regarding his stomach condition on October 4, 2009 and thereafter. Whereas, the burden is on plaintiff to provide "specific fact allegations of ongoing serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).[5] These reasons prevent plaintiff from meeting his burden that he faced imminent danger of serious physical injury on October 4, 2009 or a later date on which plaintiff may contend that he actually filed his complaint.[6] Furthermore, the allegations directed to defendant Blackmon are based on her conduct prior to and on September 28, 2009, when she

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

[6] The original complaint's envelope does not bear a date in its postmark. (Doc. 1). And plaintiff did not file a motion to proceed without prepayment of fees when the filed his original complaint which may have contained information relevant to the filing date. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk.").

responded to his request. And the claims against defendant Mullins are not directly connected to a physical injury, and they occurred before October 4, 2009.

In the amended complaint, received by the Court on May 5, 2010, plaintiff raises his eye claim and adds defendant LCS. (Doc. 7). The eye claim arises from a nucleus of facts other than those facts on which his stomach claim is based and for which plaintiff should have filed a separate action. (Doc. 7, at 1, C ("It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.")). Notwithstanding, at the time he filed his eye claim, there are no allegations showing that in or near May, 2010 that he was in imminent danger of serious physical injury to his eyes from defendant Blackmon. In regard to defendant LCS, no indication is given that when the amended complaint was filed in or near May, 2010 that plaintiff was under imminent danger of serious physical injury from LCS. The finding of lack of imminent harm of serious physical injury from defendant Blackmon concerning his eyes and from defendant LCS is supported by the fact that plaintiff was no longer at PCCC in or near May, 2010. See Doc. 6 (Order dated March 31, 2010 noting plaintiff's incarceration at Bibb Correctional Center).

Past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315

(3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001). Thus, in order to satisfy the exception to § 1915(g), a "plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball, 2007 WL 484547, at *1. Plaintiff has not done this.

Furthermore, inasmuch as the complained of conduct is for past actions, plaintiff failed to show that he was "under imminent danger of serious physical injury" when he filed the original complaint and his amended complaint. Thus, his action is precluded from coming within § 1915(g)'s exception.

**II. Conclusion.**

Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate

Judge.

DONE this 2nd day of August, 2010.

                        s/WILLIAM E. CASSADY  
                        **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).